UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-275 (DSD/JFD)

UNITED STATES OF AMERICA,

          Plaintiff,

v.

FRANCISCO ESTRADA-DELTARO,
a/k/a "Francisco Estrada De Haro,"

          Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and the defendant, Francisco Estrada-Deltaro, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with Reentry of a Removed Alien—Prior Felony, in violation of 8 U.S.C. § 1326(a) and (b)(1). The defendant fully understands the nature and elements of the crime with which he has been charged.

2. **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Count 1 of the Indictment. In pleading guilty, the defendant

1

admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

Mr. Estrada is a citizen of Mexico and has no lawful immigration status in the United States. On or about November 19, 2003, he was convicted of the felony offense of fleeing police in a motor vehicle, in violation of Minn. Stat. § 609.487, subd. 3.

After being ordered removed by an immigration judge on or about October 26, 2010, and waiving any appeal, Mr. Estrada was removed from the United States to Mexico on or about November 18, 2010. He illegally re-entered the United States and was again removed to Mexico on or about December 31, 2011, and February 23, 2016.

Following his last removal to Mexico, Mr. Estrada knowingly, voluntarily, and unlawfully returned to the United States. In September 2020, law enforcement found Mr. Estrada in Minneapolis, Minnesota. Afterward, in 2022 Mr. Estrada plead guilty to felony threats of violence, reckless disregard of risk in Dakota County district court.

Mr. Estrada did not obtain the consent of the Attorney General, the Security of Homeland Security, or any other designated and authorized representative, to re-apply for admission to the United States.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that he has certain rights to file pre-trial motions. As part of this Plea Agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and,

3

if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences**. The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. The defendant has discussed with his attorney the punishments and consequences of pleading guilty, understands that not all the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

6. **Immigration Consequences**. The defendant is not a citizen of the United States. The defendant understands that pleading guilty may have consequences with respect to the defendant's immigration status, including removal or deportation, and that his plea of guilty may result in the denial of admission to the United States in the future. The defendant understands that no one, including the defendant's counsel, the Assistant United States Attorney, or the District Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Regardless of any immigration consequences that may follow from a guilty plea, even automatic removal or deportation from the United States, the defendant still wishes to plead guilty as set forth in this agreement.

7. **Statutory Penalties.** The defendant understands that Count 1 of the Indictment, charging Reentry of a Removed Alien—Prior Felony in violation of 8 U.S.C. § 1326(a), (b)(1) is a felony offense that carries the following statutory penalties:

    a. a maximum of 10 years in prison;

    b. a supervised release term of up to 3 years;

    c. a maximum fine of $250,000; and

    d. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

8. **Guidelines Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence. The parties stipulate to the following guidelines calculations:

    a. <u>Base Offense Level</u>. The parties agree that pursuant to U.S.S.G. § 2L1.2(a), the base offense level for the violation noted in Count 1 of the Indictment is **8.**

    b. <u>Specific Offense Characteristics</u>. The parties also agree that a **4-level increase** applies as Mr. Estrada engaged in criminal conduct that resulted in a felony conviction after his first removal from the United States. U.S.S.G. § 2L1.2(b)(3)(D).

5

c. <u>Chapter 3 Adjustments</u>. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

d. <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a **2-level reduction** for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Whether the reduction will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendation is conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

e. <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category **II**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

    f.     <u>Guidelines Range</u>. If the adjusted offense level is **10** (base offense level of 8, with a 4-level increases for commission of a felony after his first removal, but less 2 for acceptance of responsibility), and the criminal history category is **II**, the applicable sentencing guidelines range is **8 to 14 months of imprisonment.**

    g.     <u>Fine Range</u>. If the adjusted offense level is 10, the Sentencing Guidelines fine range is $4,000 to $40,000. U.S.S.G. § 5E1.2(c).

    h.     <u>Supervised Release</u>. The Sentencing Guidelines provide that a Court ordinarily should not impose a term of supervised release in a case in which it is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment. U.S.S.G. § 5D1.1(c). Accordingly, the government will not advocate for a term of supervised release.

        If the Court imposes a term of supervised release, the Guidelines recommend a supervised release term of one to three years. U.S.S.G. § 5D1.2(a)(2). The defendant understands that if the Court were to impose a term of supervised release and if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). See U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9.     **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court will make its own

determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation.** The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any such motions made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment.

12. **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes but is not limited to the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the negotiation, taking or

acceptance of the guilty plea, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above **12 months' imprisonment**.

The defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. Further, this collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below **8 month's imprisonment.**

13. **FOIA Requests**. The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

14. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the

defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

JOSEPH H. THOMPSON
Acting United States Attorney

Date: _____

BY: _____
Allen A. Slaughter, Jr.
Assistant United States Attorney

Date: 9/10/2025

BY: *[signature]*
Laura W. Trosen
Special Assistant U.S. Attorney

Date: 9/10/2025

*[signature]*
Francisco Estrada-Deltaro
Defendant

Date: 9/10/2025

*[signature]*
Craig E. Cascarano
Counsel for Mr. Estrada

11